## Peerless Mfg. Corporation v. Mackey (Cardine's Adm'r).

May 7, 1943.

Woodward, Dawson & Hobson for appellant.

Wilbur O. Fields and Lawrence F. Speckman for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Edward L. Mackey, is the appointed and acting administrator of Joseph Cardine, deceased. As such he filed this action in the Jefferson circuit court, Common Pleas Branch, Fourth Division, against appellant, Peerless Manufacturing Corporation, the employer of decedent, to recover $37,381.20 as damages to the estate of the decedent, whose death plaintiff alleged was due to the negligence of defendant in failing to provide decedent with a safe place in which to perform his work, and failing to provide him with proper equipment to protect him from inhaling silica sand dust and particles, whereby he contracted the disease of silicosis, which culminated in his death. The alleged failures and neglect of defendant with reference to the safe place for decedent to perform his work consisted chiefly in not providing a sufficiently ventilated room within which he worked, the petition saying: "That defendant, its agents and foreman negligently failed to provide a safe place for said Cardine to work, in that said dust-filled room was not properly ventilated."

Defendant is engaged in moulding iron parts for different kinds of machinery, and one of the necessary functions to be performed in finishing the product is to remove the sand from the moulded parts by a blasting process, performed by a compressor, whereby sand is thrown against the moulded parts, thus giving it a smooth surface. The deceased entered the employment of defendant as a "sand-blaster" nearly ten years prior to his death in August, 1940. The room in which the blasting was done was 18 feet long, 10 feet wide, and 8

feet high, with a vacuum through a grate in the floor through which the accumulated sand in the room was sucked into the basement below. However, no one contends that the function of that arrangement was to extract from the room silica, but only flying sand. The protection against inhalation of silica was a head apparatus called a "mask" or "respirator" supplied with breathing air to the workman transported from outside of the room through a rubber hose connected with the respirator, or mask. The proof shows—and it is admitted by all parties to the litigation—that the respirator should be so made and adjusted as to exclude from the wearer of it silica which accumulates in the room where the sand-blasting is done.

Defendant answered denying the material averments of the petition and affirmatively alleged that it complied with its duty to the deceased in every respect by furnishing him with the properly equipped respirator whereby he was furnished pure pumped-in breathing air in the performance of his work while wearing it; but it was further alleged that decedent refused to wear the respirator, by reason of which he contracted the disease resulting in his death. Plaintiff's reply denied the affirmative allegations of the answer—thus making the issues—and upon trial before a jury there was a verdict in favor of plaintiff for the sum of $3,000, upon which the court rendered judgment, and later overruled defendant's motion for a new trial; hence this appeal by it.

But two grounds are urged before us for a reversal, which are: (1) Erroneous instruction No. 1 given to the jury, and (2), that the defendant's motion for a peremptory instruction should have been sustained, on the ground that the evidence showed conclusively that deceased refused to wear the respirator while he was engaged in his work, and by reason of which he contracted the disease from the effects of which he died, and that the respirator furnished by defendant and its equipment was of the proper grade of efficiency to protect the deceased if he had worn it. They will be considered in the order named.

Instruction No. 1 said to the jury: "It was the duty of the defendant, Peerless Manufacturing Corporation, its agents and servants, at the time and place referred to in the evidence, to exercise ordinary care to furnish to

the plaintiff's decedent, Joseph Cardine, a room that was properly ventilated in which to do the work for which he was employed and in which he was engaged; and it was their further duty to furnish him with a helmet, mask and hood sufficient to protect the plaintiff's decedent, Joseph Cardine, from inhaling silica dust; and if you believe from the evidence that they, or any of them, were negligent, in that they, or any of them, failed to perform any one or more of the duties required of them, and each of them, by this instruction, and by reason of such negligence, if any there was, upon their part, or upon the part of any of them, the plaintiff's decedent, Joseph Cardine, contracted the disease of silicosis, and thereby lost his life, then the law is for the plaintiff, Edw. L. Mackey, Administrator of the Estate of Joseph Cardine, deceased, and you will so find. But unless you so believe from the evidence, or if you shall believe from the evidence as is set forth in Instruction No. 2, then the law is for the defendant, Peerless Manufacturing Corporation, and you will so find.'' The second one was thus phrased: ''The court further instructs the jury that if they believe from the evidence that the defendant, Peerless Manufacturing Corporation, furnished to the plaintiff's decedent, Joseph Cardine, an efficient mask to protect him from the inhalation of silica dust in the performance of his work, and said Joseph Cardine failed or refused to wear the same in the performance of his said work and thereby contracted the disease of silicosis and thereby lost his life, then the law is for the defendant, Peerless Manufacturing Corporation, and you will so find.''

The error leveled at Instruction No. 1, is that it imposed the duty on defendant to furnish ''a room that was properly ventilated in which to do the work'' he was performing and ''to furnish him with a helmet, mask and hood sufficient to protect the plaintiff's decedent from inhaling silica dust,'' and if it failed to perform either of such duties the law was for plaintiff and the jury should so find; but unless they so believed from the evidence they should find for defendant—''or if you shall believe from the evidence as set forth in instruction No. 2'' then the law is for the defendant and the jury should so find.

It will be perceived that under the terms of Instruction No. 1 defendant was required to furnish a properly

ventilated room in which decedent performed his work, and to furnish—in addition to the respirator—a hood to protect him from inhaling silica dust, neither of which requirements, according to the undisputed proof, performed any protecting functions from such inhaling. On the contrary the proof indisputably reveals that the ventilation of the room where deceased worked neither could nor did dispel from the room the poisonous dust, nor did the hood contribute in any manner to its elimination, since its function was only to protect the top of decedent's head, shoulders and body from flying sand resulting from the work being performed. Under the instruction, however, the jury were told that the law was for plaintiff and it should so find if the room was not ventilated, or a proper hood was not furnished; which was tantamount to the giving of a peremptory instruction for plaintiff notwithstanding defendant's failure to comply with either of such requirements (room ventilation and furnishing of a hood) although neither of them— according to the proof, no wise functioned in expelling the accumulated silica dust.

But it is said that Instruction No. 2 eliminated that error in Instruction No. 1 under the rule that instructions must be considered as a whole, and if the error in the objected to instruction is thereby corrected, then no reversible prejudicial error is committed.. Numerous cases are cited in support of that contention, and which defendant admits, and we recognize; but the question in this case is, whether Instruction No. 2 so operated in this case. After all, it did no more qualifying of Instruction No. 1 than to tell the jury that defendant was not liable if deceased failed to wear or appropriate the efficient (as plaintiff contended) respirator, or mask, and its attachments designed for protection against inhalation of silica dust which, if the jury found to be true it should find for defendant. Under instruction No. 2 the jury was told that it was the duty of defendant to furnish decedent an efficient mask or respirator, yet if he refused to wear it while working, then plaintiff could not recover on the ground of any complaint with reference thereto. But instruction No. 1 still contained grounds upon which the jury could return a verdict against defendant, although it did furnish an efficient respirator and defendant wore it while at work. Those grounds were defendants' failure to furnish a properly ventilated room in

226

which decedent worked, or an inefficient hood, when, according to the undisputed proof, neither of such requirements contributed, in the least, to the continued presence in the room of silica dust. Such submissions to the jury constituted false and immaterial issues, which instruction No. 2 did not eliminate, since it related only to the furnishing of the proper and efficient mask or respirator. We, therefore, conclude that the criticism of instruction No. 1 is well founded, and that no other issue should be submitted to the jury than the failure of defendant to furnish an efficient respirator and submitting to the jury decedent's failure to appropriate the respirator while performing his work, which defendants relied on in support of its defense of contributory negligence and assumption of risk. In drafting such instruction it should be clearly stated that such failure on the part of decedent, if any, was sufficient to cause him to contract the disease of silica from which he died.

We do not appraise the testimony heard at the trial as sustaining ground (2) on either of the issues of defendants' failure to furnish an efficient respirator—with necessary attachments to prevent inhalation of silica dust—or on the issue of decedent's failure to appropriate it when performing his work. The evidence was sufficiently contradictory on each of those issues to require a submission of them to the jury, and to uphold a verdict either way. The testimony on each of them did not create such a failure of proof as to render a finding by the jury either way as being flagrantly against the evidence so as to require the giving of a peremptory instruction.

However, the error in instruction No. 1, as above pointed out, was prejudicially erroneous, requiring a reversal of the judgment, and it is so ordered, with directions to set it aside and for proceedings consistent with this opinion.